946 F.2d 887
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel Jackie CAMPBELL, Defendant-Appellant.
 No. 90-5191.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 18, 1991.
Decided Oct. 15, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. Solomon Blatt, Jr., Senior District Judge. (CR-89-31)
 William F. Marscher, III, Vaux, Marscher & Howard, P.A., Hilton Head Island, S.C., for appellant.
 E. Bart Daniel, United States Attorney, A. Peter Shahid, Jr., Assistant United States Attorney, Charleston, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before K.K. HALL, SPROUSE and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Samuel J. Campbell appeals his conviction of use of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Finding none of the grounds raised on appeal to have merit, we affirm his conviction.
 
 
 2
 William Thomas Whitmire of the South Carolina Law Enforcement Division testified at Campbell's trial that he purchased cocaine from Campbell on April 17, 1988, and April 22, 1988. Whitmire stated that at the first buy, Campbell pointed what appeared to be a Browning 9 mm pistol at Whitmire's face. Campbell informed Whitmire that if Whitmire were a police officer, he would "let this [the pistol] do the talking." On April 22, Whitmire wore a body transmitter so that his conversation with Campbell could be recorded. During the conversation, Campbell referenced pointing the gun at Whitmire at their previous meeting. When Campbell was arrested in September 1988, he had in his possession a Browning 9 mm pistol.
 
 
 3
 We find that there was sufficient evidence to convict Campbell. Further, the court did not err when it denied Campbell's motion for mistrial when an officer testified that a pistol and a sawed-off shotgun were discovered in Campbell's truck when he was arrested. The court issued a curative instruction, telling the jury to ignore the mention of the shotgun. Given the overwhelming nature of the evidence against Campbell that already had been introduced and the instruction to the jury, mention of the shotgun played little part, if any, in the jury's verdict. See United States v. Snowden, 770 F.2d 393 (4th Cir.), cert. denied, 474 U.S. 1011 (1985). Similarly, introduction of the pistol discovered when Campbell was arrested was proper.
 
 
 4
 The district court correctly permitted the jury to use a transcript of the April 22 conversation between Whitmire and Campbell as an aid to understanding the actual tape recording of the conversation. Testimony about the preparation and accuracy of the transcript was introduced, and the court cautioned the jury that it was the tape, not the transcript, that was in evidence. See United States v. Collazo, 732 F.2d 1200, 1203 (4th Cir.1984), cert. denied, 469 U.S. 1105 (1985); United States v. Long, 651 F.2d 239, 243 (4th Cir.), cert. denied, 454 U.S. 896 (1981).
 
 
 5
 The claims raised by Campbell in his pro se brief also are without merit. While he contends that he was entitled to a missing witness instruction regarding the testimony of informant Sonya Wilson, we hold that he did not establish entitlement to such an instruction. See United States v. Brooks, 928 F.2d 1403, 1412 (4th Cir.1991). Further, while it is true that the indictment recited that Campbell "willfully," rather than "knowingly," violated 18 U.S.C. § 924(c), we agree with the Fifth Circuit that this challenge, raised for the first time on appeal, has no merit. See United States v. Wilson, 884 F.2d 174, 179-80 (5th Cir.1989).
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. Campbell's motion to file his pro se supplemental formal brief is granted.
 
 
 7
 AFFIRMED.